UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff,

                                                   Case No.  2:15-CV-30

v.

                                                   HON. ROBERT HOLMES BELL

JOHN R. KANERVA,

    Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

Defendant Kanerva has filed a pro se notice of removal of this action, *People v. Kanerva*, M150079, from the 96th District Court in Marquette, Michigan.  The action is a misdemeanor action charging Defendant Kanerva with trespass.  (ECF No. 1-3, State Ct. Docs., Page ID# 123.)

When a district court receives notice of removal of a state court criminal prosecution, it is required to promptly examine the notice.  28 U.S.C. § 1455(b)(4).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  *Id*.  The Court "must examine subject matter jurisdiction 'on [its] own initiative.'"  *Probus v. Charter Comms., LLC*, 234 F. App'x 404, 406 (6th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  "The defendant that removes a case from state court bears the burden of establishing federal subject-matter jurisdiction."  *Jerome-Duncan, Inc. v. Auto-By-Tel,*

*L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

Defendant asserts that removal is proper pursuant to 28 U.S.C. § 1443 which authorizes removal of civil rights actions. Defendant's notice also references various items including fraud on the court, interim bond claim, failed attempt to contract, false jury fee claim, forged motion and affidavit, debtor prison claim, double jeopardy, and conflict of interest.

Section 1443 "provides a very special statute to deal with specific and discrete problems involving removal of cases, civil or criminal, in which the defendant cannot enforce his claim of civil rights in the state court." *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Section 1443 has two subsections. A removal under 28 U.S.C. § 1443(1) must satisfy a two-pronged test:

> first, the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality; second, the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question.

*Conrad*, 871 F.2d at 614-15 (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). Defendant has not alleged that his claim arises under a federal law that provides for racial equality. Neither has he alleged that he will be unable to enforce his civil rights in state court. Accordingly, Defendant has failed to meet his burden of showing that he is entitled to removal under § 1443(1).

Defendant has also failed to show that his removal falls within § 1443(2). Subsection 2 applies "only to federal officers and to persons assisting such officers in the performance

2

of their official duties," *Greenwood v. Peacock*, 384 U.S. 808, 815 (1966), and Defendant does not assert that he falls into this category. Because Defendant's case does not fall within either subsection of § 1443, he cannot remove his state criminal case to this Court under § 1443. *See Noble v. Wayne Cnty. Prosecutor's Office*, No. 14-11033, 2014 WL 1515788, at *2 (E.D. Mich. Apr. 18, 2014) (remanding state criminal case that did not fall within § 1443).

Even if this Court were to liberally construe Defendant's notice of removal as one alleging original jurisdiction under § 1441, Defendant's attempt at removing his state court misdemeanor action would fare no better.

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Consequently, 'a case may not be removed to federal court on the basis of a federal defense.'" *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (quoting *Caterpillar*, 482 U.S. at 393).

Defendant has not shown that there is diversity of citizenship. Neither has he shown that a federal question is presented on the face of the misdemeanor trespass complaint. The Notice of Removal appears to be an attempt by a state-court defendant to assert counterclaims against state-court plaintiffs in federal court. This is not sufficient to justify removal under § 1441.

The Court concludes, based on the record before it, that it lacks subject matter jurisdiction over this action. Accordingly,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the 96th District Court in Marquette, Michigan, from which it was removed.


Dated: April 13, 2015                             /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE